Filed 1/17/24  2751 & 2801 PCH v. Cubano Room CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| 2751 & 2801 PCH, LLC, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CUBANO ROOM, LLC, <br><br> Defendant and Appellant. | G061726 <br><br> (Super. Ct. No. 30-2022-01242966) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Kimberly A. Knill, Judge.  Affirmed.

The Duringer Law Group, Stephen C. Duringer, Edward L. Laird II, and C. Tyler Greer for Plaintiff and Respondent.

Rutan & Tucker, Richard K. Howell and Gerard M. Mooney for Defendant and Appellant.

Cubano Room, LLC (CUBANO or appellant) appeals from a judgment awarding possession of 2801 West Coast Highway, Suite 300, Newport Beach, California 92663 (Premises) it previously leased from respondent 2751 & 2801 PCH, LLC (PCH or respondent) following the trial court's grant of summary adjudication on the fourth cause of action in PCH's unlawful detainer complaint. The court concluded that respondent was entitled to summary adjudication because appellant was occupying a common area in violation of the lease terms. Appellant contends it raised triable issues of material fact precluding summary adjudication, including a declaration from the manager of the prior lessor that the common area always was part of the leased Premises and evidence showing that respondent had actual notice or was on inquiry notice that appellant was using the common area both before and after respondent acquired the real property and lease. As discussed below, we conclude respondent demonstrated it was entitled to summary adjudication and appellant failed to create a triable issue of material fact. Accordingly, we affirm.

## FACTS

I. *Unlawful Detainer Action*

On January 28, 2022, respondent filed a verified complaint for unlawful detainer against appellant. The complaint alleged that on September 6, 2016, Khoshbin's Landing, LLC, as Lessor, and appellant, as Lessee, entered into a written lease agreement (the Lease). The initial term was for five years, beginning October 1, 2016, and ending September 30, 2021. On January 28, 2019, the Lease was amended by a written "1st Amendment to Lease" (the First Amendment), which, among other things, granted appellant three five-year options to extend the Lease at fair market value. Respondent acquired the subject real property from Khoshbin's Landing, LLC in December 2019, and the Lease and Premises were transferred to respondent as the new Lessor. On April 5, 2021, appellant exercised its option to extend the Lease for an additional five years at fair market value.

2

The unlawful detainer action sought restitution and forfeiture of the Lease based on four grounds: (1) Nonpayment of Rent; (2) Nonpayment of Late Charges; (3) Failure to Cease to Allow Smoking on Premises; and (4) Failure to Cease Improper Use of Common Areas and Remove Personal Property. As to the last claim, the complaint further alleged that pursuant to Section 2.7 of the Lease, appellant was not permitted to use any of the designated common areas outside of the Premises, which include the atrium and balcony area (the Atrium/Balcony Area), for storage, as a lounge area, or other purposes. However, appellant used the Atrium/Balcony Area for its own exclusive purposes, placing couches and other personal property in the area and allowing access only to its customers or members. The complaint alleged that on December 8, 2021, appellant was notified of "its default and breach of the Lease for utilizing designated common areas outside of the Premises, including the Atrium/Balcony Area, for its own exclusive purposes." On December 20, 2021, appellant was served with a Notice to Perform Covenant or Quit, requiring appellant to cease to use the Atrium/Balcony Area for its own personal use, or alternatively, to quit and deliver possession of the Premises to respondent. Although 30 days had passed, appellant did not remedy the breach and default or deliver up possession of the Premises.

The Lease was attached to the complaint as Exhibit A. It provides that the "Premises" are "Suite Number(s) 300 3rd floor(s)," "consisting of approximately 1,300 rentable square feet," located at a "Project," in the City of Newport Beach, whose total area is "approximately 22,000 rentable square feet." The base rent is $10,000 monthly, and the "Agreed Use" is for a "Private membership club."

Section 2.7 of the Lease defines "Common Areas" to include "all areas and facilities outside the Premises and within the exterior boundary line of the Project . . . that are provided and designated by the Lessor from time to time for the general nonexclusive use of the Lessor, Lessee and other tenants . . . including, but not limited to, common entrances, lobbies, corridors, stairwells, public restrooms, elevators, parking areas, . . ."

3

Section 2.10 provides that "Lessor shall have the right, in Lessor's sole discretion, from time to time: [¶] (a) To make changes to the Common Areas, including, without limitations, changes in the location, size, shape and number of the lobbies, . . . [¶] . . . [¶] (f) To do and perform such other acts and make such other changes in, to or with respect to the Common Areas and Project as Lessor may, in the exercise of sound business judgment, deem to be appropriate."

Manuchehr "Manny" Khoshbin initialed each page and signed the Lease as the manager of Khoshbin's Landing, LLC, and as the owner of appellant.

The First Amendment also was attached as an exhibit to the complaint. Aside from granting the Lessee three five-year options to extend the lease, the First Amendment stated that the "Agreed Use" was modified to "1,063 sq[.] ft." It also stated that the "building was remeasured and is now 25,782/sf." Khoshbin signed the amendment on behalf of both parties.

Appellant demurred to the unlawful detainer complaint on the ground that there was another action pending between the parties on the exact same issues. The trial court overruled the demurrer, concluding that the "unlawful detainer action is primarily concerned with the right to possession," whereas the other "action does not seek possession of property."

Subsequently, appellant filed a Verified Answer, admitting some allegations and denying other allegations. Appellant also raised numerous affirmative defenses, including estoppel and waiver. Specifically, appellant asserted that before the Lease was assigned to respondent, respondent "was aware that [appellant] had converted the [Atrium/Balcony Area] years before by installing a security door, thereby converting the space at the property, which had previously been a common area, into an area to be exclusively used by [appellant]. Said conversion was done with the expressed agreement of [respondent's] predecessor, Khoshbin's Landing, LLC, and [appellant]."

4

II. *Motion for Summary Adjudication.*

On June 22, 2022, respondent filed a motion for summary adjudication of appellant's duty to surrender possession of the Premises. As to the Atrium/Balcony Area, the motion asserted that the Lease and the First Amendment identify appellant's "leased 'Premises' solely as 'Suite Number(s) 300,' consisting of 1,063 square feet." The motion further asserted Suite 300 consists of "300A" and "300B," as identified in the "Stevenson Systems building space reports" and that Suites 300A and 300B total 1,027 square feet. The motion argued that appellant has annexed the Atrium/Balcony Area for its exclusive use, which respondent claims violates the Lease terms.

In support of its contention that appellant's leased Premises did not include the Atrium/Balcony Area, respondent submitted: (1) the Lease and First Amendment (discussed above); (2) an Estoppel Certificate signed by Khoshbin on behalf of appellant; and (3) the Stevenson Systems reports. The Estoppel Certificate provides in pertinent parts: "Tenant has entered into a certain lease together with all amendments attached hereto as Exhibit '[ ]' (the 'Lease')". "The Lease constitute[s] the entire and only agreements between Landlord and Tenant."

The Stevenson reports include a drawing showing that Cubano Room occupied Suite 300A and 300B. Those suites are colored green to show "Occupant Area." The Atrium/Balcony Area is colored blue, indicating "Building Service." Suite 300A and 300B were calculated to have a "Target Rentable Area" of 1,026 square feet.

Respondent also submitted, among other documents: (1) a December 9, 2021 letter from its property manager Redwood West (RW) regarding appellant's use of the Atrium/Balcony Area; (2) appellant's response to its Request for Admissions ("RFA"); and (3) excerpts from Khoshbin's deposition. In the December 9, 2021 letter, RW informed appellant that although its position is that appellant has been using the space without permission, it was hereby revoking "any and all permissions Lessee may

5

have had, or claimed to have had" to use that space, which is a Common Area as defined under the Lease.

In RFA No. 22, respondent requested that appellant admit that the space used for appellant's reception area "is not included within the 1,063 square feet identified in the First Amendment." In response, appellant admitted that "the balcony/atrium space is not included in the calculation of the square footage as reflected in the First Amendment to the lease."

During Khoshbin's deposition, he testified that he believed the Stevenson reports to be accurate. Khoshbin agreed that "by way of th[e] first amendment, [he] was decreasing the size of the unit from 1,300 square feet to 1,063 square feet." He explained that it was based on "re-measuring of the building by Stevenson." Asked what square footage was being removed from the lease, Khoshbin explained that "the uncovered parts of the suite of the Cubano Room was not calculated, I believe." He also stated that the uncovered section included the atrium. In response to whether it is "correct" that "the premises under the lease after the first amendment does not include the atrium area," Khoshbin replied: "Based on this, yes."

III. *Opposition to Summary Adjudication Motion*

Appellant opposed the summary adjudication motion, arguing triable issues of fact exist on whether the Atrium/Balcony Area is part of the leased premises. Appellant further argued that respondent, as the successor Lessor, waived its rights to enforce the lease terms concerning the purported common area consisting of the Atrium/Balcony Area. Appellant asserted that it converted the common area into part of the leased Premises by installing a new front door in September 2016 with the express permission of the prior Lessor. Appellant further argued that respondent's agent knew that appellant had previously installed the front door and was barring members of the public from accessing what was previously common area before he executed the Assignment of the Lease on behalf of respondent.

6

In a supporting declaration, Khoshbin stated: "At or about the inception of the original LEASE in 2016, I, acting on behalf of [the prior Lessor], further authorized tenant improvements at the Premises of CUBANO which included the installation of a security door at the front of the Premises which only members were permitted to access . . . . Since 2016, the inception of CUBANO's lease, its floorplan of the designated Premeises [sic] for the CUBANO's LEASE has not been modified." Khoshbin also asserted "[t]he Stevenson Systems Space Accounting . . . is incorrect when it stated that a portion of Cubano Room's Premises is common area." He further stated that as part of its due diligence before purchasing the property, respondent, through its designated manager Craig Atkins, visited the Premises and became aware of "the exact dimensions of the space that CUBANO was occupying as part of its leasehold Premises. This included the space which PCH now claims is common area . . . ."

V. *Order Granting Summary Adjudication and Judgment of Possession*

On July 18, 2022, the court granted respondent's motion for summary adjudication, and found respondent was entitled to a judgment of possession. It found, based on RFA No. 22, the Atrium/Balcony Area is not included in the calculation of the square footage for its suite. "Therefore, it must be common area as plaintiff asserts." The court found that the Lease, in paragraphs 2.7 et seq., prohibits any tenant from using the common area to the exclusion of other tenants. Appellant, however, has utilized the common area for the exclusive use of its members. The court noted that in his declaration, Khoshbin stated that he approved this deviation from lease terms, but it ruled Khoshbin's averments contradict the express terms of the written documents and violates the Estoppel Certificate.

The court also rejected appellant's waiver argument, finding paragraphs 24(a) and 36 of the Lease authorized the respondent to enforce the Lease terms notwithstanding any prior consent or waiver. Paragraph 24(a) provides in pertinent parts that "No waiver by Lessor of the Default or Breach of any term . . . shall be deemed a

7

waiver . . . of any subsequent Default or Breach by Lessee of the same or of any other term . . . . Lessor's consent to, or approval of, any act shall not be deemed to render unnecessary the obtaining of Lessor's consent to, or approval of, any subsequent or similar act by Lessee, or be construed as the basis of an estoppel to enforce the provision or provisions of this Lease requiring such consent." Paragraph 36 of the Lease provides in pertinent parts: "Lessor's consent to any act . . . shall not constitute an acknowledgement that no Default or Breach by lessee of this lease exists, nor shall such consent be deemed a waiver of any then existing Default or Breach, except as may be otherwise specifically stated in writing by Lessor at the time of such consent."

Following entry of a judgment of possession of the Premises, appellant timely appealed.

## DISCUSSION

I. *Standard of Review*

"On review of an order granting summary adjudication, we apply the same standard of review applicable on appeal from a grant of summary judgment." (*Schofield v. Superior Court* (2010) 190 Cal.App.4th 154, 156.) Thus, "[w]e review the record and the determination of the trial court de novo." (*Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1003.) We apply "the same three-step analysis applied by the trial court: First, we identify the issues raised by the pleadings. Second, we determine whether the movant established entitlement to summary [adjudication], that is, whether the movant showed the opponent could not prevail on any theory raised by the pleadings. Third, *if the movant has met its burden*, we consider whether the opposition raised triable issues of fact." (*Hawkins v. Wilton* (2006) 144 Cal.App.4th 936, 939-940.) "Because a summary [adjudication] denies the losing party its day in court, we liberally construe the evidence in support of that party and resolve doubts concerning the evidence in that party's favor." (*Creekridge Townhome Owners Assn., Inc. v. C. Scott Whitten, Inc.* (2009) 177 Cal.App.4th 251, 255.)

II. *Summary Adjudication*

The unlawful detainer action here concerns appellant's right to continue leasing the subject Premises. The complaint alleged that appellant is in default and breaching the Lease by using a Common Area, the Atrium/Balcony Area, for its own exclusive use in violation of section 2.7 of the Lease, which defines and regulates Common Areas. Although appellant received notice of the ongoing breach and default, it has not cured the breach and default or delivered up possession of the Premises to appellant. The dispositive issue is whether the Atrium/Balcony Area is part of the leased Premises.

In its summary adjudication motion, respondent produced evidence showing that the Atrium/Balcony Area is not part of the leased Premises under the Lease, as amended. In RFA No. 22, appellant admitted the Atrium/Balcony Area is not included in the 1,063 square footage listed in the First Amendment to the Lease. Khoshbin's deposition testimony established that the First Amendment "decreas[ed] the size of the unit from 1,300 square feet to 1,063 square feet." Khoshbin also admitted "the premises under the lease after [the] first amendment does not include [the] atrium area." In sum, respondent met its burden to show that appellant is in default because it is using the Atrium/Balcony Area, a designated Common Area, for its exclusive purposes in violation of section 2.7 of the Lease.

Because respondent met its burden, appellant must show triable issues of fact exist precluding summary adjudication. Appellant contends it has shown triable issues of fact exist because Khoshbin's declaration establishes the Atrium/Balcony Area was part of the leased Premises from the inception of the Lease until the present time. In his declaration, Khoshbin averred: "Since 2016, the inception of CUBANO's lease, its floorplan of the designated Premises [*sic*] for the CUBANO's LEASE has not been modified." He also declared the Atrium/Balcony Area was included in "the space that CUBANO was occupying as part of its leasehold Premises." Khoshbin's declaration,

9

however, does not address his deposition testimony that the First Amendment to the Lease excluded the Atrium/Balcony Area from the leased Premises. (See *Scalf v. D. B. Log Homes, Inc.* (2005) 128 Cal.App.4th 1510, 1524-1525 [in resolving summary judgment motion, trial court may "disregard declarations by *a party* which contradict his or her own discovery responses (absent a reasonable explanation for the discrepancy)"]; *Preach v. Monter Rainbow* (1993) 12 Cal.App.4th 1441, 1451 ["A party cannot create an issue of fact by a declaration which contradicts his prior pleadings. . . . The rule is equally applicable to a conflict between the affidavit and the deposition testimony of a single witness."].) Thus, it does not raise a triable issue of fact concerning whether the Atrium/Balcony Area is part of the Premises after the First Amendment. Stated differently, viewed in the light most favorable to appellant, a reasonable jury can find, based on Khoshbin's declaration, the Atrium/Balcony Area was part of the leased Premises under the original Lease. However, the Atrium/Balcony Area then was excluded from the leased Premises following the First Amendment to the Lease, as stated by Khoshbin at his deposition.[1]

The fact that appellant continued to occupy the Atrium/Balcony Area after the First Amendment became effective can be explained by the fact that Khoshbin, as manager of the Lessor, permitted it to do so pursuant to his authority under section 2.10 of the Lease, which provides the Lessor can "do and perform such other acts and make such other changes in, to or with respect to the Common Areas and Project as Lessor may, in the exercise of sound business judgment, deem to be appropriate." As noted above, RW, respondent's property manager, revoked any such permission in the December 9, 2021 letter to appellant.

---

[1] Because Khoshbin's declaration does not create a triable issue of material fact, we need not address appellant's claim that the trial court erred in rejecting Khoshbin's declaration based on the Estoppel Certificate.

Finally, there is no triable issue of material fact based on appellant's purported knowledge that appellant continued to occupy the Atrium/Balcony Area even after the First Amendment became effective. Even if appellant had notice or was on inquiry notice of that fact, it is not material because of the non-waiver provisions in the Lease in paragraphs 24(a) and 36, discussed above. Under those provisions, any prior waiver or consent to a Default or Breach of Lease terms does not foreclose a subsequent withdrawal of such waiver or consent and enforcement of the applicable Lease terms. Because we have concluded that the Atrium/Balcony Area was not part of the leased Premises following the First Amendment, appellant's exclusive use of the Atrium/Balcony Area constitutes a Default or Breach of Lease terms, and thus the non-waiver provisions apply. In sum, appellant has not shown any triable issue of material fact. The trial court properly granted summary adjudication.

## DISPOSITION

The judgment is affirmed. Respondent is entitled to its costs on appeal.

DELANEY, J.

WE CONCUR:

GOETHALS, ACTING P. J.

GOODING, J.

11